UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   20-mj-04130 McAliley

UNITED STATES OF AMERICA

vs.

JUSTO BANEIDA ALVARADO,
AURELIO REYES MCTAGGART, and
JOSSIMAR ALBERTO CALLIMORE KNIGHT,

**Defendants.**
_____/

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?  __ Yes  _X_ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?  ___ Yes  _X_ No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?  ___ Yes  _X_ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY: _____
Peter W. Link
Special Assistant United States Attorney
Court ID No: 5502658
99 N.E. 4th Street
Miami, FL 33132
Tel: No. (305) 961-9136
Fax No. (305) 536-4676
E-mail: peter.link@usdoj.gov

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>JUSTO BANEIDA ALVARADO,<br>AURELIO REYES MCTAGGART, and<br>JOSSIMAR ALBERTO CALLIMORE KNIGHT,<br><br>*Defendant(s)* | )<br>)<br>) Case No. 20-mj-04130 McAliley<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning on an unknown date and continuing through on or about __November 23 2020__, upon the high seas and elsewhere outside the jurisdiction of any particular State or district, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1); all in violation of 46 U.S.C. § 70506(b).<br><br>Pursuant to 46 U.S.C. § 70506(a), and 21 U.S.C. § 960(b)(1)(G), it is further alleged that this violation involved one-thousand (1,000) or more kilograms of a mixture and substance containing a detectable amount of marijuana. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

*Complainant's signature*

Pedro Roman, Special Agent, HSI
*Printed name and title*

Attested to by the applicant in accordance with Fed.R.Crim.P. 4.1 by FaceTime.

Date: __December 4, 2020__

*Judge's signature*

City and state: Miami, Florida

Hon. Chris M. McAliley, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Pedro Roman, being first duly sworn, do depose and states:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with U.S. Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), and have been so employed since October 2010. I am presently assigned the Office of the Special Agent in Charge Miami, Florida, where I am responsible for conducting maritime narcotics smuggling investigations. As a special agent with HSI, I have participated in numerous narcotics investigations involving physical and electronic surveillance; the control and administration of confidential sources; international drug importations; and domestic drug organizations. I have participated in the arrest and subsequent prosecution of numerous drug traffickers. I have also spoken on numerous occasions with informants, suspects, and other narcotics investigators concerning the manner, means, methods, and practices that drug traffickers use to further the operation of their drug trafficking organizations and the most effective methods of investigating and dismantling drug trafficking organizations. As a law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), I am empowered by law to conduct investigations of and make arrests for, but not limited to, offenses enumerated in Titles 18, 21, and 46 of the United States Code.

2. This Affidavit is submitted for the limited purposes of establishing probable cause for the arrest of Justo Baneida Alvarado ("ALVARADO"), Aurelio Reyes Mctaggart ("MCTAGGART"), and Jossimar Alberto Callimore Knight ("KNIGHT") for knowingly and willfully conspiring to possess with intent to distribute a controlled substance, to wit, a mixture and substance containing a detectable amount of marijuana, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1)

1

and 70506(b). As such, this Affidavit does not contain the details of every aspect of this investigation. Furthermore, this Affidavit is based on my personal knowledge, as well as information obtained from other law enforcement personnel.

## **PROBABLE CAUSE**

3. On or about November 23, 2020, a Marine Patrol Aircraft ("MPA"), on patrol in the Eastern Pacific, detected a go-fast vessel ("GFV"), approximately 88 nautical miles east of Malpelo Island, Colombia, in international waters and upon the high seas. The MPA crew observed that the GFV had three (3) individuals on board, a tarp covering the deck, and suspected contraband visible on the deck. The U.S. Coast Guard ("USCG") Cutter JAMES was patrolling nearby and was diverted to intercept the GFV. The USCG Cutter JAMES launched its helicopter to assist. The USCG Cutter JAMES also launched their Long-Range-Interceptor ("LRI") and Over-the-Horizon ("OTH") boats, both with an embarked law enforcement team. Warning shots and disabling fire of the GFV's engines were authorized for the helicopter, OTH, and LRI crews.

4. The helicopter and LRI were the first to arrive and approach the GFV. As the LRI approached the GFV, the LRI energized its blue law enforcement light, spotlight, and siren. One of the crewmembers aboard the GFV began to increase the speed of the GFV and two crew members on the GFV were observed jettisoning packages. The LRI positioned itself and employed warning shots behind the GFV's engine. Shortly thereafter the GFV slowed and eventually stopped in the water.

4. Once alongside the GFV, law enforcement made contact with the three (3) crew members and conducted a right of visit boarding of the GFV. The three individuals on board the GFV were identified as ALVARADO, a Nicaraguan national, MCTAGGART, a Costa Rican national, and KNIGHT, a Costa Rican national. The law enforcement team observed fifty-gallon

fuel drums and several packages on the deck of the GFV. ALVARADO was identified as the master of the GFV, however, he made no claim of nationality for the vessel. Based on this, and pursuant to international law, the GFV was treated as a vessel without nationality and, therefore, subject to the jurisdiction of the United States. A full law enforcement boarding was authorized.

5. During the boarding, the law enforcement team noticed the GFV taking on water. Due to safety concerns, the law enforcement team transferred ALVARADO, MCTAGGART, and KNIGHT to the OTH which had arrived on scene. As the GFV continue to take on water, the law enforcement team moved packages from the GFV to the OTH; however the law enforcement team was forced to disembark the GFV as it capsized. Additional packages that were observed floating from the capsized GFV were also recovered.

6. The USCG located a total of forty-four (44) packages of suspected contraband. The forty-four (44) packages includes packages jettisoned and packages recovered from the GFV before and after it capsized. The combined total weight of the packages is 2,618 pounds (or approximately 1,187 kilograms) of suspected marijuana. Field tests were conducted on the suspected contraband which yielded positive for marijuana. All three individuals, along with the controlled substance, were transferred to the USCG Cutter JAMES.

7. ALVARADO, MCTAGGART, and KNIGHT are scheduled to arrive in the Southern District of Florida on Monday, December 7, 2020, where custody of them will be turned over to federal law enforcement officers.

[Space Intentionally Left Blank]

8. Based on the foregoing facts, I submit that probable cause exists to believe that the defendants, ALVARADO, MCTAGGART, and KNIGHT, while on board a vessel subject to the jurisdiction of the United States, did knowingly and willfully conspire to possess with intent to distribute a controlled substance, to wit, a mixture and substance containing a detectable amount of marijuana, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

PEDRO ROMAN,
Special Agent
Homeland Security Investigations

Attested to by the Affiant in accordance with the requirements of Fed.R.Crim.P. 4.1 by FaceTime this 4th day of December 2020.

THE HONORABLE CHRIS M. MCALILEY
UNITED STATES MAGISTRATE JUDGE

4